HUMPHREY v. PLEASANT VALLEY COAL CO. et al.

No. 3572.   Decided April 13, 1922.   (206 Pac. 271.)

NEGLIGENCE—NONSUIT PROPERLY GRANTED ON EVIDENCE NOT SUP
PORTING COMPLAINT ALLEGING ATTRACTIVE NUISANCE.   The complaint and trial being on the theory of attractive nuisance, and
the evidence not supporting such a case, motion for nonsuit
was properly granted; there being no request to amend complaint to conform to testimony adduced indicating that the case
was governed by law applicable to the relation of landlord and
tenant.

Appeal from District Court, Seventh District, Carbon
County; *J. D. Call*, Judge.

Action by Lamar Humphrey, a minor, by his guardian ad
litem, Eva Curtis Davis, against the Pleasant Valley Coal
Company and others.   From a judgment of nonsuit, plaintiff
appeals.

AFFIRMED.

*King Braffet & R. G. Schulder* and *Willard Hanson*, all of
Salt Lake City, for appellant.

*Ferdinand Erickson*, and *Ray & Rawlins*, both of Salt Lake
City, for respondents.

WEBER, J.

Plaintiff brought this action for damages alleged to have
been sustained by him by reason of his falling into a barrel
of hot water.   The substance of the complaint is that the defendants operated a coal mine at Clear Creek, Utah, and
rented dwelling houses in connection with such mining operations; that adjacent to one of the rented houses they had
placed, and permitted to be placed, a barrel, which was so
arranged and constructed that its top was level with the sur-

face of the ground; that the barrel was at all times partially or completely filled with water resulting from the condensation of steam exhausted from one of the exhaust pipes of defendants' steam boilers, and that said water was at all times kept at such a temperature that it would seriously burn and injure any person coming in contact therewith; that the barrel was unfenced, uncovered, and unprotected and was of such an attractive character that children were lured thereby and attracted thereto, and was in such a place that children were accustomed to play around the same, all of which was well known to the defendants; that while so playing around the barrel of hot water plaintiff fell into it, and by reason of falling therein his right leg was scalded from his ankle to his knee; that plaintiff was a child five years of age, and was unable to exercise care and discretion for his own safety, and was incapable of being guilty of contributory negligence. The answer denied all the allegations of the complaint, except the corporate existence of the respondents, and pleaded contributory negligence as an affirmative defense. On the issues thus joined the case was tried to a jury. When plaintiff rested, defendants jointly and severally moved the court for an order nonsuiting and dismissing the action as to both defendants, upon the ground, among others, that the facts and circumstances of the case did not bring it within the turntable or attractive nuisance doctrine. This motion was granted, and plaintiff appeals, assigning the ruling of the court as error.

It is conceded by appellant that the turntable or attractive nuisance doctrine, the theory upon which the case was based, was not applicable under the evidence. Counsel say in their brief:

"It is plaintiff's contention that the case at bar does not involve the principle of attractive nuisance or of the turntable cases. In those cases the plaintiff or the injured person is a trespasser that is allured upon defendant's premises by the attractive character of the nuisance. In the case at bar, however, plaintiff was rightfully upon the premises where the injury occurred, at the time of the injury, and was there by the implied consent of the defendants. The case is therefore to be ruled by principles of law applicable to the relation existing between landlord and tenant."

It is further claimed by appellant that, while it is true that

the complaint contains allegations characterizing the nuisance as attractive, and as being particularly alluring to children, it also contains all necessary allegations showing the relationship between respondents and the appellant and the duty owing by respondents to appellant. The record contains testimony tending to show that the mother of appellant was a tenant of the respondents. There is, however, no allegation in the complaint to the effect that the relationship of landlord and tenant existed between respondents, or either of them, and the mother and guardian of the appellant at the time of the accident, or at any time, nor does the complaint contain any averment from which the relationship of landlord and tenant between respondents and the mother of appellant can possibly be inferred. It is therefore beyond all question that the proof wholly failed to support what is alleged in the complaint. No request was made for permission to amend the complaint to conform to the testimony that was adduced by appellant.

A refusal to grant the motion for a nonsuit would have been to wholly disregard the averments of the complaint and the theory upon which the case was being tried. The ruling of the district court was right.

Judgment affirmed.

CORFMAN, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.